**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| WISHART SMITH, | DOCKET NUMBER |
| Appellant, | NY-315H-16-0230-I-1 |
| v. | |
| DEPARTMENT OF VETERANS AFFAIRS, | DATE: April 15, 2022 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Wishart Smith, Brooklyn, New York, pro se.

Kathleen J. Tulloch, Esquire, Brooklyn, New York, for the agency.

## BEFORE

Raymond A. Limon, Vice Chair
Tristan L. Leavitt, Member

## FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2     The Board's chief administrative judge found, and the parties do not dispute, that on October 18, 2015, the agency relied on its Veterans Recruitment Appointment (VRA) authority to appoint the appellant, a preference-eligible veteran, to the position of GS-6 Motor Vehicle Operator, subject to the satisfactory completion of a 2-year probationary period. Initial Appeal File (IAF), Tab 7, Initial Decision (ID) at 2. It is further undisputed that the agency issued a decision to terminate his employment effective May 13, 2016, for misconduct during his employment. ID at 2; IAF, Tab 6 at 13. He filed an appeal disputing the charges. IAF, Tab 1 at 3.

¶3     The chief administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction, finding that, as a probationary employee with less than 1 year of Federal civilian service, the appellant was not an "employee" as defined at 5 U.S.C. § 7511 with adverse action appeal rights under 5 U.S.C. chapter 75. ID at 4. He further found that the appellant failed to make a nonfrivolous allegation of a claim within the Board's jurisdiction pursuant to 5 C.F.R. § 315.806(b)-(c), i.e., discrimination based on partisan political reasons or marital status, or that he was terminated for reasons arising pre-appointment without certain required procedures. ID at 4.

¶4    The appellant has filed a petition for review, asserting that he has more than 2 years of military service and thus should satisfy the definition of "employee" in 5 U.S.C. § 7511. Petition for Review (PFR) File, Tab 1 at 2. He also asserts that, although the underlying misconduct for his termination stemmed from criminal charges, the charges have been dismissed. *Id.* The agency has opposed the appellant's petition. PFR File, Tab 3 at 3-4.

¶5    As a preliminary matter, we note that there is conflicting information in the record regarding the nature of the appellant's appointment. The agency asserted, and the chief administrative judge found, that the appellant's VRA appointment was to a position in the excepted service. ID at 2. The appellant has not contested this finding or argued otherwise. However, by definition, VRA appointments "are excepted appointments . . . to positions otherwise in the *competitive service*." 5 C.F.R. § 307.103 (emphasis added). Further, the Standard Form 50 documenting the appellant's appointment does not refer to VRA appointing authority, but rather indicates that he received an excepted appointment pursuant to 5 C.F.R. § 213.3102(u), which concerns the appointment of persons with intellectual disabilities, severe physical disabilities, or psychiatric disabilities. IAF, Tab 6 at 16. In addition, the documents in the record are inconsistent as to whether the appellant was required to serve a 1-year or 2-year probationary or trial period. *Compare* IAF, Tab 6 at 13, *with id.* at 16.

¶6    We find it unnecessary to resolve these discrepancies to resolve the dispositive jurisdictional question in this appeal. Regardless of which of the foregoing appointment scenarios applies, the appellant lacks Board appeal rights under 5 U.S.C. chapter 75 or 5 C.F.R. part 315, subpart H. He cannot satisfy any definition of "employee" set forth in 5 U.S.C. § 7511 because, at the time of his termination, he had completed only approximately 7 months of his probation and had less than 1 year of Federal civilian service. IAF, Tab 1 at 2; 5 U.S.C. § 7511(a)(1)(A)-(B). Further, even if he was eligible to appeal based on the

limited regulatory grounds set forth in 5 C.F.R. § 315.806,[2] we agree with the chief administrative judge that the appellant failed to make a nonfrivolous allegation of one of those grounds.  ID at 4-5.

¶7      The appellant's claim on review that his 2 years of military service should be considered for purposes of establishing jurisdiction, PFR File, Tab 1 at 2, is without merit.  The Board has held that military service may not be tacked on to civilian service for the purpose of meeting the definitions of "employee" set forth in 5 U.S.C. § 7511.  *Bell v. Department of Homeland Security*, 95 M.S.P.R. 580, ¶¶ 16-17 (2004).  The appellant also claims on review that his termination is unsubstantiated because the criminal charges stemming from his misconduct have been dismissed.  PFR File, Tab 1 at 2.  Such a claim is insufficient to raise a nonfrivolous allegation of Board jurisdiction because it is irrelevant to the question of whether the appellant has a statutory or regulatory basis for Board jurisdiction.  *See* 5 U.S.C. § 7511; 5 C.F.R. §§ 307.105, 315.806.

¶8      Because the appellant is not an "employee" within the meaning of 5 U.S.C. § 7511, and he has not alleged any basis for a regulatory right to review, ID at 4-5; 5 C.F.R. §§ 307.105, 315.806, we agree with the chief administrative judge that the appellant did not make a nonfrivolous allegation of jurisdiction, and therefore, he has no appeal rights before the Board.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).

---

[2] The regulatory appeal rights set forth in 5 C.F.R. part 315, subpart H, generally apply to appointees in the competitive service but not the excepted service.  However, VRA appointees are afforded these appeal rights during their first-year trial periods.  5 C.F.R. §§ 307.105, 315.806.

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. [5 U.S.C. § 7702](b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under [5 U.S.C. § 2302](b)(8) or other protected activities listed in [5 U.S.C. § 2302](b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must <u>receive</u> your petition for

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on

review within **60 days** of the date of issuance of this decision.    5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:

_____/s/ for_____

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.